UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PETE KELLER, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-7 |
| | § | |
| COASTAL BEND COLLEGE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff filed suit alleging his former employer, Costal Bend College, violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, by discriminating against him on the basis of age and Title VII, 42 U.S.C. § 2000 *et seq.*, by discriminating against him on the basis of race. (D.E. 1). Plaintiff alleges he was terminated because he is 52 years old and Hispanic. (D.E. 1). This matter comes before the Court on Defendant Coastal Bend College's Motion for Summary Judgment. (D.E. 21). Having considered the motion, Plaintiff's response (D.E. 23), Defendant's reply (D.E. 24) and the evidence presented to the Court, for the reasons set forth below, the undersigned recommends the Motion be **GRANTED** and this case be **DISMISSED**.

### I. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff, a 52 year old Hispanic male, was employed by the Defendant for approximately 22 years in the maintenance department as a painter and carpenter. (D.E. 1 and D.E. 21-1, Page 5). In late June 2013, Plaintiff was assigned to paint the

Defendant's day care center with the assistance of two co-workers from the maintenance department who were not painters. (D.E. 1, D.E. 21-1, Page 17 and D.E. 23). The renovations were to be completed by July 18, 2013, when members of the Defendant's Board of Trustees were scheduled to tour the revitalized facility. (D.E. 21, Page 4). Plaintiff estimated the renovation project should have taken about two and a half weeks. (D.E. 21-1, Page 18). Both Kathleen Patton, Defendant's Dean of Administration and supervisor of Mike Slaughter, Defendant's Physical Plant Director and Plaintiff's direct supervisor, complained about Plaintiff's poor workmanship, the length of time it took him to complete projects, and his poor attitude. (D.E. 1, D.E. 21-1, Pages 15, 18-21, 24, 27, 30, 32-34, 36-38, 40-41 and D.E 23, Pages 4-5). On July 22, 2013, Plaintiff was terminated by Ms. Patton and Mr. Slaughter at the direction of Dr. Beatriz Espinoza, Defendant's President. (D.E. 1 and D.E. 21-1, Page 5). None of Plaintiff's five co-workers, who were also Hispanic, male, and over the age of 40 were terminated. (D.E. 21-1, Pages 11-12). Plaintiff was replaced by Lynn Harrison, a 52 year old Caucasian male. (D.E. 21-1, Page 34 and D.E. 21-6, Page 11).

Plaintiff filed an EEOC charge of discrimination against Defendant on August 9, 2013 alleging age and race discrimination. (D.E. 21-5, Pages 7-8). The EEOC dismissed Plaintiff's charges on or about September 30, 2013, declined to take further action on either charge, and informed Plaintiff he had 90 days to file the present suit. (D.E. 21-5, Pages 12-14). Plaintiff filed his Complaint in this Court on January 7, 2014. (D.E. 1).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In reaching its decision, the Court must consider the affidavits, depositions, declarations, stipulations, and other documents presented to the Court in the light most favorable to the non-movant. *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of a material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Id.*

The movant has the initial burden of showing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The moving party bears the burden of identifying those portions of the record he or she believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden then shifts to the non-movant to show the existence of a genuine fact issue for trial. *Id.*; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-97 (1986).

The non-movant cannot merely rest on the allegations of the pleadings or on unsubstantiated, subjective beliefs. *Anderson*, 477 U.S. at 248-49. Plaintiffs must establish there are material, controverted facts precluding summary judgment. *Id*.

Additionally, the non-movant's burden is not satisfied by showing "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003)("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.")(citations omitted); *see also Anderson*, 477 U.S. at 249-52. Accordingly, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. Where the non-movant fails to present evidence to support his or her claims, there can be no genuine issue of material fact because of the complete failure of proof on an essential matter for which the non-movant bears the burden of proof renders all other issues immaterial. *Id.* at 323.

### III. ANALYSIS

To prevail on his discrimination claims, Plaintiff must present direct or circumstantial evidence that his age and/or race were motivating factors for Defendant's alleged adverse employment actions. "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)(citation omitted). In this case, Plaintiff does not specifically refer in his pleadings to any direct evidence of either age or race discrimination. Nor does he identify any such competent evidence in the summary

judgment record.[1] Plaintiff stated during his deposition he had a "gut feeling" that Mr. Slaughter and Ms. Patton fired him because he was more than 40 years old and Hispanic. (D.E. 21-1, Pages 12-13). Plaintiff further stated he did not have any support for this feeling. (D.E. 21-1, Pages 12-13).

Therefore, he must rely on circumstantial evidence to prove discrimination and his claim is analyzed under the burden-shifting framework outlined in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). Plaintiff must first establish a *prima facie* case of discrimination, the elements of which are further discussed below. If Plaintiff successfully establishes a *prima facie* case of discrimination, a presumption of discrimination arises and the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for the employment action taken against the Plaintiff. *See Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002)(*citing McDonnell Douglas*, 411 U.S. at 802). If Defendant satisfies this burden, the burden shifts back to the Plaintiff who must prove "the legitimate reasons offered by the Defendant were not its true reasons, but were a pretext for discrimination." *Crawford v. Formosa Plastics*

---

[1] Plaintiff cites only to his own affidavit. (D.E. 23, Exhibit 1). Defendant objects to portions of this affidavit as sham testimony under the Fifth Circuit's sham affidavit rule. (D.E. 24, Pages 1-4); *see Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000)(A sham affidavit impeaches, without explanation, a plaintiff's prior sworn testimony and cannot be used to manufacture a dispute of fact merely to defeat a motion for summary judgment). "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting the affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id*. (citations omitted). Defendant's argument is well taken. Therefore, the disputed sections of Plaintiff's affidavit (D.E. 24, Pages 1-3) are clearly contradicted by his deposition testimony as noted and as further referenced below. (D.E. 21-1).

*Corp., Louisiana*, 234 F.3d 899, 902 (5th Cir. 2000)(*citing Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 139 (2000).

A. AGE DISCRIMINATION

Under the ADEA, it is unlawful for an employer to discharge an employee because of the employee's age. *See* 29 U.S.C. § 623(a)(1). In order to establish a *prima facie* case of age discrimination under the ADEA in the absence of direct proof of discrimination, Plaintiff must establish he is (1) within a protected class (i.e. over 40 years old); (2) qualified for the position; (3) suffered an adverse employment decision; and (4) was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age. *Kean v. Jack Henry & Assoc., Inc.*, 577 Fed. App'x 342, 349 (5th Cir. 2014)(*citing Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010)); *See also Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). Plaintiff has failed to do so.

While Plaintiff is (1) over the age of 40, (2) qualified for the position, and (3) was terminated from his employment, he has failed to establish he was (4) replaced by someone outside the protected class, younger than him, or otherwise discharged because of his age. The parties agree Plaintiff, at the time he was terminated, was 52 years old and his replacement was, at the time he was hired, either 51 or 52 years old.[2] (D.E. 21, Page 9 and D.E. 23, Page 13). Contrary to Plaintiff's argument that "as long as the replacement is 'younger,' it does not matter how much younger," both Supreme Court

---

[2] Plaintiff asserts his replacement was 51 while Defendant states Plaintiff's replacement was 52. As discussed later, this discrepancy is not material as Plaintiff's replacement is not substantially younger.

and Fifth Circuit precedent establish otherwise. (D.E. 23, Page 13); *Leal v. McHugh*, 731 F.3d 405, 411 (5th Cir. 2013)(*citing O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996)(The replacement must be "substantially younger" than the plaintiff in order for the plaintiff to create an inference that an employment decision was based on age discrimination). Here, Plaintiff is, at most, approximately one year older than his replacement. Further, Plaintiff has not submitted any competent evidence he was otherwise discharged because of his age. Therefore, Plaintiff has failed to establish a *prima facie* case of age discrimination.

Even assuming Plaintiff could establish a *prima facie* case, Plaintiff would still have to demonstrate Defendant's proffered reasons for his termination are pretexts for age discrimination. *Crawford*, 234 F.3d at 902. Giving full credence to Plaintiff's scant summary judgment evidence, there is nothing to demonstrate that Defendant's proffered reasons for Plaintiff's termination, i.e. poor workmanship, the length of time it took Plaintiff to complete projects, and Plaintiff's poor attitude, are mere pretext.[3] Plaintiff

---

[3]Plaintiff objects to almost all of Defendant's summary judgment evidence, including the affidavit of Defendant's President, Dr. Beatriz Espinoza. Plaintiff objects to her affidavit because she was not disclosed by the Defendant in its sworn answers to Plaintiff's interrogatories or in initial disclosures. Plaintiff further argues her affidavit is "riddled with inadmissible hearsay" because her statements regarding poor workmanship and the hiring of a replacement are not based on her own personal knowledge. (D.E. 23, Pages 6-7). Defendant argues this affidavit should be permitted as summary judgment under Fed. R. Civ. P. 37(c)(1) because the omission was harmless, the challenged hearsay statements are not being offered for the truth of the matter asserted but rather to show Dr. Espinoza's, as the person who approved the recommendation to terminate Plaintiff, state of mind, and that Dr. Espinoza, as Defendant's President, may have personal knowledge of activities in which she did not actually participate. The Defendant's arguments are again well taken. Plaintiff, having not requested any depositions in this case, has failed to show any prejudice from Defendant's failure to disclose Dr. Espinoza. Further, the affidavit testimony is competent and admissible as it is not hearsay regarding Dr. Espinoza's state of mind when approving Plaintiff's termination and, regarding the hiring of Plaintiff's

acknowledged during his deposition that Ms. Patton and Mr. Slaughter were unhappy with his poor workmanship, the length of time it took him to complete projects, and his poor attitude. (D.E. 1, D.E. 21-1, Pages 15, 18-21, 24, 27, 30, 33-34, 36-38, 40-41 and D.E 23). Further, all of Defendants' employees performing similar duties as Plaintiff at the time Plaintiff was terminated were also Hispanic and over the age of 40. (D.E. 21-1, Pages 11-12). None of these other employees were terminated. The only evidence to support his complaint is Plaintiff's own affidavit, asserting his subjective beliefs that the motivation for his termination was his age. However, Plaintiff's subjective opinions do not support an inference of discrimination the ADEA and are unavailing as summary judgment evidence. *Celotex*, 477 U.S. at 325; *See Vasquez v. Nueces Cnty*., 551 F. App'x 91, 94 (5th Cir. 2013)(citation omitted).

Therefore, it is recommended that summary judgment be granted on this claim.

B.  **RACE DISCRIMINATION**

Title VII makes it unlawful for an employer to discharge an employee because of his or her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). In order to establish a *prima facie* case of race discrimination under Title VII in the absence of direct proof of discrimination, Plaintiff must establish he is: (1) a member of a

---

replacement, Dr. Espinoza, as Defendant's President, has personal knowledge of activities in which she may not have directly participated and further avers she directly participated in selecting Plaintiff's replacement. Fed. R. Evid. 801; Fed. R. Civ. P. 56(e); *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005)(It is sufficient if personal knowledge can reasonably be inferred and such personal knowledge is defined as that which falls within the affiants '"sphere of responsibility" as a corporate employee.) As the affidavit is admissible so are the authenticated exhibits attached. (D.E. 21, Exhibit 6). Plaintiff's remaining objections to Defendant's summary judgment evidence are also unfounded as these exhibits were authenticated by Plaintiff himself during his deposition and attached as exhibits. (D.E. 21-1, Pages 77-82, 88, 137-155); Fed. R. Evid. 901(b)(1).

protected class, (2) qualified for his position, (3) subjected to an adverse employment action, and (4) replaced by someone outside of the protected class or other similarly situated employees were treated more favorably. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

It is clear that Plaintiff has established a *prima facie* case of race discrimination as he is (1) Hispanic, (2) qualified for his position, (3) was terminated from his employment and (4) was replaced by a Caucasian male. However, as with Plaintiff's claim for age discrimination, Plaintiff submits no evidence which demonstrates that Defendant's proffered reasons for his termination, i.e. for poor workmanship, the length of time it took him to complete projects, and his poor attitude, are mere pretext. Plaintiff fails to provide sufficient evidence that his termination was motivated by race in any form. Again, the only evidence Plaintiff provides in response Defendant's Motion is his own affidavit. [4] (D.E. 23-1). On summary judgment, Plaintiff is required to go beyond his pleadings and offer specific facts demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 324-25. Plaintiff did not carry this burden. Subjective beliefs, conclusory allegations, and unsubstantiated assertions are insufficient to survive summary judgment. *Celotex*, 477

---

[4] As previously discussed, portions of Plaintiff's affidavit should be disregarded under the Fifth Circuit's sham affidavit rule. Specifically, Plaintiff avers Mr. Slaughter "often referred to me and my Hispanic co-workers as a 'gang' of 'poison,' slow Mexican workers." (D.E. 23-1, Page 3). However, at no time during his deposition did Plaintiff state Mr. Slaughter ever made racially motivated comments toward him. Instead, Plaintiff specifically stated he had no information that Mr. Slaughter did not want him to work for the college because Plaintiff was Hispanic. (D.E. 21-1, Page 13). Further, while Plaintiff stated during the deposition that Mr. Slaughter referred to him and two other co-workers as "poison," when specifically asked if Mr. Slaughter called him anything else, Plaintiff responded, "That I recall, that's all." (D.E. 21-1, Page 32). Plaintiff further stated Mr. Slaughter had a "clique" of favored employees, including Hispanic workers, some of whom were over a decade older than the Plaintiff. (D.E. 21-1, Page 32).

U.S. at 325. The Plaintiff cannot discharge his burden by offering vague allegations and legal conclusions. *Vasquez,* 551 F. App'x at 94. Therefore, Plaintiff has failed to provide any sufficient evidence of race discrimination and it is respectfully recommended his claim should be summarily dismissed.

### IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment (D.E. 21) be **GRANTED** and this case be **DISMISSED**.

ORDERED this 23rd day of December, 2014.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).