UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PETE KELLER, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-7 |
| | § | |
| COASTAL BEND COLLEGE, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Pending before the Court is Defendant Coastal Bend College's Motion for Summary Judgment (D.E. 21). On December 23, 2014, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R) (D.E. 28) recommending that Defendant's motion be granted and that Plaintiff Pete Keller, Jr.'s case be dismissed. The Court received Plaintiff's timely-filed objections on December 29, 2014 (D.E. 29). On January 6, 2015, the Court received Defendant's response to Plaintiff's objections (D.E. 34). Plaintiff's objections are set out and discussed below.

First, Plaintiff objects to the Magistrate Judge's recommendation to disregard portions of his declaration under the Fifth Circuit's sham affidavit rule. D.E. 28, p. 9 n.4. Plaintiff's objection characterizes the Magistrate Judge's conclusion as "not much[] specific criticism" and cites case law predating the Fifth Circuit's adoption of the sham affidavit rule.[1] D.E. 29, p. 4. As the Defendant argues in its response, Plaintiff neither confronts the sham affidavit rule nor does he explain the portions of his declaration

---

[1] Compare *Dibidale of La., Inc. v. Am. Batik & Trust Co., New Orleans*, 916 F.2d 300, 307 (5th Cir. 1990) and *Kenneth-Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980) with *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000).

contradicting his deposition testimony. For example, Plaintiff does not adequately explain why he failed to state during his deposition, as he now alleges in his declaration, that Mike Slaughter would often refer to him and his Latino co-workers as "slow Mexican workers." D.E. 21-1, p. 32. Plaintiff, in fact, specifically stated in his deposition that he did not recall any derogatory insult by Slaughter other than the term "poison." D.E. 21-1, p. 32. In addition, Plaintiff now alleges in his declaration that Kathleen Patton "made it clear to [him] that she believed [he] was too old to be working there anymore and that she wanted a younger, faster person" even though Plaintiff stated during his deposition that he had nothing but "a gut hunch" to support his assertion. D.E. 23-1, p. 3; D.E. 21-1, p. 12.

Consequently, the Court finds no error in the Magistrate Judge's conclusion regarding Plaintiff's declaration. *Doe*, 220 F.3d at 386 ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.") (quoting *Perma Research and Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)). Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff objects to the Magistrate Judge's conclusion that the affidavit of Coastal Bend College President Beatriz Espinoza did not constitute inadmissible hearsay because her statements were offered only to show the witness's state of mind. D.E. 28, p. 7 n.3. Plaintiff argues that "[i]f this is the only basis for the alleged affidavit, then the defendant has filed nothing to establish a legitimate, non-discriminatory business

reason for the discharge." D.E. 29, p. 4. Plaintiff's argument is unpersuasive. In a discrimination case where "an employer discharges an employee based on the complaint of another employee, the issue is not the truth or falsity of the allegation, but 'whether the employer reasonably believed the employee's allegation and acted on it in good faith.'" *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010) (quoting *Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1165-66 (5th Cir. 1993)). As the Fifth Circuit explained in *Waggoner*, "the validity of the initial complaint is not the central issue, because the ultimate falseness of the complaint proves nothing as to the employer, only as to the complaining employee." 987 F.2d at 1165.

Espinoza's affidavit is not evidence for the truth of Patton's allegations. Rather, the affidavit is evidence of Espinoza's state of mind in that she reasonably believed her subordinate's allegation and acted on it in good faith. D.E. 21-6, p. 3 ("With no improvement in his work Ms. Patton requested termination of Mr. Keller, which I authorized. Neither Mr. Keller's age nor race was a factor in my decision to terminate Mr. Keller's employment."). Accordingly, the Court finds no error in the Magistrate Judge's conclusion regarding the hearsay issue in the Espinoza affidavit. Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff objects to Espinoza's affidavit because the Defendant did not disclose Espinoza as a witness "in any written discovery; nor was her anticipated testimony summarized." D.E. 29, p. 2. Plaintiff claims that Federal Rule of Civil Procedure 37 forbids the admission of Espinoza's affidavit, arguing that "Rule 37(c)(1) provides that a party who fails to disclose such information '*shall not* . . . be permitted to

*use as evidence* at trial, at a hearing, or *on a motion* any *witness* or information not so disclosed.'" D.E. 29, p. 2 (ellipses and emphasis in original) (quoting *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)) (quoting Fed. R. Civ. P. 37(c)(1)). However, Espinoza's affidavit can be admitted into evidence if the failure to disclose Espinoza is found to be harmless.

In determining whether a violation is harmless, the Court should consider the following four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Texas A&M Research Foundation*, 338 F.3d at 402 (citation omitted). Here, Defendant does not provide an explanation for its failure to disclose. Furthermore, the evidence is of particular importance because, as already discussed, Espinoza's affidavit is the only evidence establishing her good-faith reason for terminating Plaintiff's employment. Moreover, as Plaintiff acknowledged in his deposition, he was unaware that Espinoza had any input in the decision to terminate his employment—giving him little reason to seek her deposition during discovery. D.E. 21-1, p. 12.

However, any prejudice to the Plaintiff because of the failure to disclose can be easily cured. The trial of this case and any remaining deadlines have already been continued. Therefore, Espinoza can be deposed as previously suggested by Defendant. D.E. 34, p. 6 n.5. Because any prejudice to Plaintiff caused by Defendant's failure to disclose Espinoza as a witness can be cured by deposing Espinoza, the Court finds the

failure to disclose is harmless. Therefore, the Court **OVERRULES** Plaintiff's third objection.

The Court **ORDERS** Defendant to make Espinoza available for deposition. Plaintiff will have fourteen (14) days from the filing of this order to depose Espinoza and fourteen (14) days afterward to submit additional evidence in response to Defendant's Motion for Summary Judgment, if Plaintiff so chooses.

ORDERED this 9th day of January, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE