UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PETE KELLER, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-7 |
| | § | |
| COASTAL BEND COLLEGE, | § | |
| | § | |
| Defendant. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION IN PART AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendant Coastal Bend College's Motion for Summary Judgment (D.E. 21). On December 23, 2014, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R) (D.E. 28), recommending that Defendant's motion be granted and that Plaintiff Pete Keller, Jr.'s action be dismissed. On January 9, 2015, this Court entered an Order (D.E. 36) addressing Plaintiff's objections to the M&R, and required Defendant to make its president, Beatriz Espinoza (Espinoza), available for deposition to address the reason for terminating Plaintiff's employment. The Court granted Plaintiff leave to submit additional evidence in response to Defendant's motion for summary judgment after deposing Espinoza. On January 29, 2015, Plaintiff filed his supplemental response (D.E. 37) and Defendant filed its reply on February 17, 2015 (D.E. 38). As discussed below, Plaintiff's supplemental response and the additional evidence are insufficient to defeat summary judgment.

Plaintiff does not challenge the Magistrate Judge's recommendation to grant summary judgment on the age discrimination claim. Seeing no error in the Magistrate Judge's findings, the Court adopts the M&R with respect to Plaintiff's age discrimination claim.

The Court adopts the Magistrate Judge's finding that Plaintiff established a prima facie case of race discrimination. The only issue before this Court is whether Defendant articulated a legitimate, nondiscriminatory reason for the employment action and if so, whether Plaintiff proved the reasons offered were a pretext for discrimination. This Court previously overruled Plaintiff's objections to the Espinoza affidavit (D.E. 36), and will not address those objections again.

This Court finds that Defendant carried its burden to articulate a legitimate, nondiscriminatory reason for discharging Plaintiff—his workmanship, the length of time it took him to complete the renovation project, and his poor attitude. D.E. 21-6, p. 3; D.E. 38-2, pp. 13-15; D.E. 21-1, p. 4. This evidence is sufficient to establish Defendant's burden of production regarding its legitimate, nondiscriminatory reason. *E.g., Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002) ("The burden on [defendant] to produce a legitimate nondiscriminatory reason for terminating [plaintiff] is one of production, not persuasion . . . .") (internal quotation marks and citations omitted).

Plaintiff makes several arguments intended to show that Defendant's proffered reasons for the termination are pretext. D.E. 28, pp. 7, 9. Plaintiff argues that: (1) Defendant did not act in good faith because Espinoza did not conduct an independent investigation; (2) Kathleen Patton and Mike Slaughter's alleged discriminatory animus

should be imputed to Espinoza through a "cat's paw" analysis; (3) Defendant's alleged failure to follow its progressive discipline policy proves pretext; and (4) Plaintiff was treated more harshly than other employees. However, Plaintiff's arguments do not raise a genuine issue of material fact that Defendant's proffered explanations for his discharge were pretext.

First, there is no duty to conduct an independent investigation. As discussed in this Court's previous Order (D.E. 36, pp. 2-3), in a case where an employer discharges an employee based on complaints lodged by other employees, "the inquiry is limited to whether the employer believed the allegation in good faith and whether the decision to discharge the employee was based on that belief." *Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1165-66 (5th Cir. 1993); *see also Sagaral v. Wal-Mart Tex. LP*, 516 F. Supp. 2d 782 (S.D. Tex. 2007).

Plaintiff contends that *Waggoner* and *Sagaral* should be interpreted as requiring the final decisionmaker to conduct an independent investigation of an employee's complaints to prove good faith in terminating employment. D.E. 37, pp. 4-7. *Waggoner* and *Sagaral* do not require such an investigation.

The Fifth Circuit has made clear that a plaintiff must present evidence supporting an inference that the defendant's action was motivated by discriminatory animus, or at the least, that the explanation for the discharge is false. *Sandstad*, 309 F.3d at 899. Plaintiff here has failed to present such evidence. Plaintiff's contention that Espinoza did not review Plaintiff's previous employment evaluations before authorizing his discharge is not evidence of pretext. D.E. 37, pp. 11-12; *Sandstad*, 309 F.3d at 899 (holding that

defendant is "entitled to be unreasonable so long as it does not act with discriminatory animus" and that "[m]erely disputing [defendant's] assessment of his performance will not create an issue of fact") (citing *Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir. 2001)). Plaintiff has not provided evidence that Defendant acted in bad faith.

Additionally, Plaintiff has not submitted evidence to support imputing Patton and Slaughter's alleged discriminatory animus to Espinoza through a "cat's paw" analysis. The "cat's paw" theory requires Plaintiff to "submit evidence sufficient to establish two conditions: (1) a co-worker exhibited discriminatory animus, and (2) the same co-worker possessed leverage, or exerted influence, over the titular decisionmaker." *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 653 (5th Cir. 2004). Here, Plaintiff has offered no evidence indicating that either Patton or Slaughter exhibited discriminatory animus toward him so the theory fails.

Likewise, there is no evidence of a progressive disciplinary policy to support the claim that because Defendant failed to follow such policy, Defendant's stated reason for termination is pretextual. Plaintiff relies on Espinoza's deposition testimony describing Defendant's policy as one where "a supervisor and an employee are able to identify specific activities to improve their work outcomes over a period of time." D.E. 37-1, p. 5. This statement does not support the conclusion that Defendant's policy "is one that involves counseling sessions followed by an oral or verbal reprimand, a written reprimand, a suspension and/or probation, and then termination." D.E. 37, p. 10 (internal quotation marks and citations omitted).

Espinoza made clear that "[t]he College does not have a progressive discipline policy that mandates certain disciplinary actions be taken before the College can terminate an employee's at-will employment." D.E. 38-1, pp. 2-3. Because the evidence establishes that a progressive discipline policy does not exist, Plaintiff's policy-based pretext argument fails.

Finally, Plaintiff argues that he was the only employee of the seven involved in the day care center renovation project to receive any disciplinary action. D.E. 37, p. 14. Plaintiff cannot effectively compare himself to Raul Rodriguez, Gilbert Lara, and Porfirio Cantu because, as he admits, the three are Hispanic and over the age of 50. D.E. 38, pp. 11-12; *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001) ("We have held that in order for a plaintiff to show disparate treatment, she must demonstrate 'that the misconduct for which she was discharged was nearly identical to that engaged in by a[n] employee [*not within her protected class*] whom [the company] retained.'") (quoting *Smith v. Wal-Mart Stores (No. 471)*, 891 F.2d 1177, 1180 (5th Cir. 1990)) (alterations in original and emphasis added).

In addition, Mike Slaughter, Porfirio Cantu, and Tim Bennett are not proper comparators because they were enlisted to help on the tail end of the renovation only after it was clear that the original team of Keller, Rodriguez, and Lara would not complete the project by the set deadline. D.E. 21-6, p. 3; D.E. 37-1, p. 27. As Plaintiff admits, Slaughter and Bennett "only did certain things" and they did not provide "very much" assistance. D.E. 21-1, p. 36. This circumstance does not support a finding that Slaughter, Cantu, and Bennett were treated more favorably "under nearly identical

circumstances." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) ("If the difference between the plaintiff's conduct and that of those alleged to be similarly situated *accounts for* the difference in treatment received from the employer, the employees are not similarly situated for the purposes of an employment discrimination analysis.") (internal quotation marks and citation omitted) (emphasis in original).

Neither can Plaintiff rely on Kathleen Patton as a comparator because she was Plaintiff's supervisor at the time of his discharge. *Crosby v. Computer Sci. Corp.*, 470 F. App'x 307, 309 (5th Cir. 2012). Without an adequate comparator, Plaintiff's disparate treatment pretext argument fails.

This Court finds that Plaintiff has failed to carry his burden to prove pretext.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections, and all other relevant documents in the record, this Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 28) regarding the age discrimination claim. After reviewing Plaintiff's supplemental response (D.E. 37), Defendant's reply (D.E. 38), and all other relevant documents in the record, this Court **GRANTS** Defendant's motion for summary judgment regarding the race discrimination claim. Accordingly, Defendant's motion for summary judgment (D.E. 21) is **GRANTED** and Plaintiff's action is **DISMISSED**.

ORDERED this 22nd day of April, 2015.

Nelva Gonzales Ramos

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE